Dawniell Alise Zavala (CA State Bar No. 253130)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999
Email: dawniell.zavala@hro.com

Attorneys for Plaintiffs,
CAPITOL RECORDS, LLC; SONY BMG MUSIC ENTERTAINMENT; BMG MUSIC; WARNER BROS. RECORDS INC.; UMG RECORDINGS, INC.; and PRIORITY RECORDS LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| CAPITOL RECORDS, LLC, a Delaware limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; BMG MUSIC, a New York general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; and PRIORITY RECORDS LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>NOEL BOQUET,<br><br>Defendant. | Case No.: 5:08-cv-03145-PVT<br><br>Hon. Patricia Trumbull<br>**PARTIAL [PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST NOEL BOQUET** |

---

[PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST NOEL BOQUET
CASE NO.: 5:08-cv-03145-PVT
#40420 v1

1  Based upon Plaintiffs' Application for Default Judgment By The Court, and good cause
2  appearing therefor, it is hereby Ordered and Adjudged that:
3  1.  Plaintiffs seek the minimum statutory damages of $750 per infringed work, as
4  authorized under the Copyright Act (17 U.S.C. § 504(c)(1)), for each of the nine (9) sound
5  recordings listed in Exhibit A to Plaintiffs' Complaint.  Accordingly, having adjudged to be in
6  default, Defendant Noel Boquet ("Defendant") shall pay damages to Plaintiffs for infringement of
7  Plaintiffs' copyrights in the sound recordings listed in Exhibit A to the Complaint, in the total
8  principal sum of ~~Six~~ **Three** Thousand Seven Hundred Fifty Dollars (~~$6,750.00~~ **($ 3,750.00)**).
9  2.  Defendant shall further pay Plaintiffs' costs of suit herein in the amount of ~~Four~~ **Two**
10 Hundred ~~Twenty Dollars ($420.00)~~ **Thirty-Five Dollars ($ 235.00)**.
11 3.  Defendant shall be and hereby is enjoined from directly or indirectly infringing
12 Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:
13 - "Golden Time of Day," on album "Golden Time Of Day," by artist "Maze" (SR# 7-973);
15 - ~~"Love Won't Let Me Wait," on album "Any Love," by artist "Luther Vandross" (SR# 99-406);~~
17 - ~~"Love Come Down," on album "Get Loose," by artist "Evelyn King" (SR# 41-907);~~
18 - "Warning," on album "Warning," by artist "Green Day" (SR# 288-352);
19 - "Cryin'," on album "Get A Grip," by artist "Aerosmith" (SR# 153-061);
20 - ~~"Glory Days," on album "Born In The U.S.A.," by artist "Bruce Springsteen" (SR# 55-647);~~
22 - "Automobile," on album "Efil4zaggin'," by artist "NWA" (SR# 137-627);
23 - ~~"Don't Wanna Lose You," on album "Cuts Both Ways," by artist "Gloria Estefan" (SR# 107-742);~~
25 - "Love Ballad," on album "That's For Sure," by artist "Jeffrey Osborne" (SR# 279-755);
27 and in any other sound recording, whether now in experience or later created, that is owned or
28 controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs)

1

[PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST NOEL BOQUET
CASE NO.: 5:08-cv-03145-PVT
#40420 v1

("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant shall also destroy all copies of Plaintiffs' Recordings that defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

With respect to the recordings deleted from the preceding page of this order, the court finds that as to the Evelyn King recording plaintiffs did not submit the required documents, but indicated their intention to do so at a later time. Therefore, the application is denied as to that recording.

With respect to the remaining three recordings, plaintiffs did submit some, but not all, of the necessary documents. For example, the certification of the Secretary of State of the State of Delaware reports three certificates; however, the second and third, the Certificate of Ownership and the Certificate of Amendment, changing the name from CBS Records, Inc. to Sony Music Entertainment Inc., are not included. Plaintiffs also submit a raft of pages entitled "Certificates of Copyright Registration" ("Certificates document"), Exhibit C, which would appear to include most, if not all, of their holdings. One of them, the Luther Vandross album is easy to find. The others are not. The Gloria Estefan album carries another Registration Number than the one cited by plaintiffs and the Bruce Springsteen album may be buried on one or more of the pages, but was not located.

It is not the court's responsibility to go through a stack of unmarked documents in search of that for which plaintiffs seek relief. If plaintiffs wish judgment to be entered with respect to these three recordings they must submit the necessary documentation and clearly identify and tab the pertinent pages. In addition, it does not appear that the documents necessary to link the Springsteen recording to the current copyright holder have been submitted even if somewhere in Exhibit C the recording is listed among the Certificates document. Bruce Springsteen is shown as the copyright holder on the initial registration. There are no documents covering the gaps until its current alleged ownership by Sony Music Entertainment, Inc.

Therefore, the application and judgment thereon are DENIED as to the King, Vandross, Estefan and Springsteen recordings until such time as the necessary documentation and identification in accordance with this order or presented. In all other respects the order is GRANTED as modified and set forth above.

Plaintiffs may recover the balance of their attorneys' fees upon entry of judgment in this action.

IT IS SO ORDERED.

Dated: 9/24/09

MARILYN HALL PATEL
United States District Judge